UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT MAJCHRZAK,

    Plaintiff,

v.

    Case No. 10-13971

    Honorable Patrick J. Duggan

COUNTY OF WAYNE and KERREEN CONLEY, in her official and individual capacity,

    Defendants.

_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on March 23, 2012.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                  U.S. DISTRICT COURT JUDGE

On October 5, 2010, Robert Majchrzak ("Plaintiff") filed this lawsuit, alleging that Wayne County ("the County") and Kerreen Conley wrongfully terminated his employment in response to his raising concerns about faulty equipment at a sewage pumping station. Presently before the Court is the County's motion for reconsideration of the Court's order denying Defendants' motion for summary judgment and granting Plaintiff's partial motion for summary judgment with respect to the issue of liability. Plaintiff has filed a motion to strike the County's motion and also has requested sanctions pursuant to Eastern District of Michigan Local Rule 11.1. For reasons set forth below, the Court denies the County's

motion for reconsideration. The Court also denies Plaintiff's motion to strike and his request for sanctions.

## I. Background

Plaintiff was formerly employed as a mechanic at the Milk River Pumping Station, a sanitary sewage pump station operated by the County. The County holds regular meetings with representatives of customer communities, and held such a meeting on July 1, 2010. Plaintiff attended this meeting and introduced himself to the other attendees as a citizen of Macomb County who worked at the Milk River Pumping Station. He distributed copies of a memo detailing, among other things, broken equipment at the pumping station. Plaintiff alleged that due to these equipment failures, the station was not in compliance with its permit from the Michigan Department of Environmental Quality. Plaintiff's employment was terminated the next week. His discharge notice provides the following reason for his termination:

> On July 1, 2010 Robert Majchrzak attended a meeting for which he was not invited, made false claims (policy 3.01) and engaged in an activity that was a direct conflict of interest (policy 3.06), misrepresented information that was detrimental to the reputation and operations of the County.

Compl. ¶ 13.

Plaintiff filed this suit against the County and one of its managers, Kerreen Conley, seeking damages under Michigan's Whistleblowers' Protection Act, Michigan Compiled Laws § 15.361 *et seq.*, and 42 U.S.C. § 1983 for violation of his rights under the First Amendment to the United States Constitution. Defendants moved for summary judgment, and Plaintiff moved for partial summary judgment with respect to the issue of liability.

The Court denied Defendants' motion and granted Plaintiff's motion in an Opinion and Order dated December 22, 2011.  On January 31, 2012, the County filed a motion for reconsideration of this order, arguing that Plaintiff has failed to establish that his termination resulted from an official County policy.  Plaintiff filed his motion to strike the County's motion on February 7, 2012.  In his motion, Plaintiff also seeks sanctions under Local Rule 11.1 on grounds that the County's motion is frivolous.

## II. Motion for Reconsideration

A motion for reconsideration is granted only if the movant demonstrates that the Court and the parties have been misled by a palpable defect and that correcting the defect will result in a different disposition of the case.  E.D. Mich. LR 7.1(h)(3).  A "palpable defect" is one that is "obvious, clear, unmistakable, manifest, or plain."  *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001).  "[T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication."  E.D. Mich. LR 7.1(h)(3).  The purpose of a motion for reconsideration is not "to give an unhappy litigant one additional chance to sway the judge."  *Pakideh v. Ahadi*, 99 F. Supp. 2d 805, 809 (E.D. Mich. 2000) (quoting *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977)).

Plaintiff argues that the motion for reconsideration is untimely, and the Court agrees.  A motion for reconsideration "must be filed within 14 days after entry of the judgment or order."  E.D. Mich. LR 7.1(h)(1).  The order that is the subject of the County's motion was entered on December 22, 2011.  The County filed its motion forty days later, on January 31, 2012.  The motion could be denied on this basis alone, but the Court has considered

the County's arguments and also concludes that they lack merit.

The County argues that Plaintiff must establish that his termination resulted from an official County policy in order to impose municipal liability, citing *Monell v. Department of Social Services*, 436 U.S. 658, 98 S. Ct. 2018 (1978).

> [A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

*Id.* at 694, 98 S. Ct. at 2037-38. The court must "'identify those officials or governmental bodies who speak with final policymaking authority for the local governmental actor concerning the action alleged to have caused the particular constitutional or statutory violation at issue.'" *McMillian v. Monroe Cnty.*, 520 U.S. 781, 784-85, 117 S. Ct. 1734, 1736 (1997) (quoting *Jett v. Dallas Independent School Dist.*, 491 U.S. 701, 737, 109 S. Ct. 2702, 2724 (1989)).

The Court concludes that Plaintiff's evidence is more than sufficient to establish that his termination resulted from an official County policy. Butler Benton, who was at the relevant time the County's Deputy Director of the Department of Environment, testified that he made the decision to terminate Plaintiff's employment. Arbitration Tr. 415:16-416:1, Apr. 21, 2011. Benton testified that he exercised "broad policy and managerial control of the department, and all aspects of [its] operations," including the Milk River Pumping Station. Arbitration Tr. 386:1-24. Benton stated that he made "all decisions regarding suspension or termination," and was not required to consult the County's Labor Relations or Human Resources staffs in making such decisions. Arbitration Tr. 429:19-25.

Joyce Ivory, the president of the union of which Plaintiff was a member, confirmed this, stating that as Deputy Director of the Department of Environment, Benton had "complete and final authority over discipline, discharge, work rules, and all other policies in the Department." Ivory Aff. ¶ 8. According to Ivory, Benton "was the highest ranking County official in the department where [Plaintiff] worked," and "was responsible for revising the discipline policies cited to by the County in [Plaintiff's] notice of discharge." *Id.* This evidence establishes that with respect to Plaintiff's termination, Benton was an official "whose edicts or acts may fairly be said to represent official policy." *Monell*, 436 U.S. at 694, 98 S. Ct. at 2037-38; *see also Burkhart v. Randles*, 764 F.2d 1196, 1202-03 (6th Cir. 1985). Contrary to the County's assertion, Plaintiff's claim does not rest upon *respondeat superior* liability. The Court has carefully reviewed the County's arguments, but concludes that it did not err in granting Plaintiff's motion. Accordingly, the County's motion for reconsideration must be denied.

### III. Motion to Strike and for Sanctions

As the Court has concluded that the County's motion for reconsideration shall be denied, Plaintiff's motion to strike the County's motion is moot.

Plaintiff also requests sanctions pursuant to Local Rule 11.1, arguing that the County filed its motion simply to delay trial. Pursuant to the Local Rule, the procedure to be used in requesting sanctions is that set forth in Federal Rule of Civil Procedure 11(c). This procedure is as follows:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates [the Local Rules]. The motion must be served under Rule 5, but it must not be filed or be

presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

Fed. R. Civ. P. 11(c)(2). The Sixth Circuit has interpreted this provision as a mandatory "safe harbor" prerequisite to seeking sanctions. *See Ridder v. City of Springfield*, 109 F.3d 288, 296-97 (6th Cir. 1997). Plaintiff has not complied with the "safe harbor" provision. The motion for sanctions was not filed separately, and was filed only seven days after the challenged motion. The Court must therefore deny Plaintiff's motion for sanctions.

### IV. Conclusion

Accordingly,

**IT IS ORDERED** that the County's motion for reconsideration is **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion to strike is **DENIED AS MOOT**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for sanctions is **DENIED**.

                                         s/PATRICK J. DUGGAN
                                         UNITED STATES DISTRICT JUDGE

Copies to:

Richard G. Mack, Esq.
Cheryl Yapo, Esq.
James M. Surowiec, Esq.